UNITED STATES of America

v.

John Douglas PARKER, Appellant.

No. 09–2742.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
L.A.R. 34.1(a) on March 12, 2010.

Opinion Filed: March 24, 2010.

John M. Gallagher, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Benjamin B. Cooper, Esq., Office of Federal Public Defender, Allentown, PA, Brett G. Sweitzer, Esq., Defender Association of Philadelphia, Philadelphia, PA, for John Douglas Parker.

Before: AMBRO, SMITH and ALDISERT, Circuit Judges.

OPINION OF THE COURT

ALDISERT, Circuit Judge.

John Douglas Parker appeals from an order of the District Court of the Eastern District of Pennsylvania imposing a sentence of 228 months' imprisonment followed by five years of supervised release, along with a special assessment of $200 and restitution of $1859. Parker argues that his career offender sentence is substantively unreasonable and that the District Court failed to meaningfully consider the required 18 U.S.C. § 3553(a) factors and Parker's request for a below-guidelines sentence in light of the staleness and minor nature of the crimes triggering his "career offender" designation. We conclude that the District Court did not abuse its sentencing discretion, and we will affirm.[1]

I.

Because we write only for the parties, we will discuss only the relevant legal precepts and only those facts relating thereto.

---

1. The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

On September 9, 2008, Parker was indicted in the Eastern District of Pennsylvania on two counts of armed robbery, in violation of 18 U.S.C. § 2113(d). Parker pled guilty in December of 2008[2], and he was sentenced on June 8, 2009. The armed robberies were committed on May 24, 2008 and June 5, 2008 in Allentown and Easton, Pennsylvania. In both robberies, Parker brandished a knife and gave the teller a note claiming he had a gun pointed towards her. The Presentence Investigative Report ("PSR") set Parker's offense level at 31 with a criminal history category of VI, generating a 188–235 month range. This range reflects the career offender enhancement. Parker filed a timely notice of appeal on June 25, 2009.

### II.

We review the District Court's sentencing for abuse of discretion. *United States v. Wise*, 515 F.3d 207, 217–218 (3d Cir. 2008). Our review is two-fold. We review for procedural error under the abuse-of-discretion standard, ensuring the sentencing court gave meaningful consideration to the relevant 18 U.S.C. § 3553(a) factors. *Id.* at 217. With respect to procedural reasonableness, the sentencing court need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir.2006). We then review the substantive reasonableness under an abuse-of-discretion standard. *Id.* at 218. This final step is very deferential as we "recognize that the trial court is in the best position to determine the appropriate sentence." *United States v. Greenidge*, 495 F.3d 85, 102 (3d Cir. 2007). To review for substantive reasonableness, we engage in "a deferential re-view of the record developed by the district court to determine whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors." *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir.2006). The party challenging the sentence bears the burden of proving its unreasonableness. *Cooper*, 437 F.3d at 332. We require district courts to set forth sufficient reasoning to satisfy us that they have "considered the parties' arguments and [have] a reasoned basis for exercising [their] legal decision making authority." *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir.2007) *(quoting Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007)).

### III.

Parker challenges his sentence as substantively flawed, arguing the Guidelines sentence was greater than necessary to meet the statutory goals of sentencing. He argues that the District Court did not adequately weigh the convictions triggering the career offender enhancement—two petty "street-level" drug sales and a robbery, all of which occurred more than 15 years prior to the sentencing here. Parker argues that under the so-called "parsimony provision," a sentence must be "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). He contends that the District Court should have weighed the antiquation of his past convictions, and he emphasizes that the goal of career offender sentencing—"incapacitation to protect the public from additional crimes by the offender"—is best served by a lesser sentence in his case. (Appellant's Br. 11.)

---

**2.** Parker's brief states that he pled guilty on December 29, 2008. The Government's brief states that Parker pled guilty on December 23, 2008. (Appellee's Br. 3; Appellant's Br. 4.)

Parker makes no additional arguments regarding the § 3553(a) factors.

Parker has a substantial criminal record. In 1985, Parker was convicted of three gunpoint robberies. After serving several years in prison, he was released on parole, which was subsequently revoked. PSR ¶¶ 53–59. In 1990, Parker was convicted of attempted robbery for a home invasion in which a woman suffered a facial injury. After serving several years in prison, he was released on parole, which was subsequently revoked. PSR ¶¶ 62–65. In 1993, Parker was convicted of two cocaine distribution felonies. After serving at least seven years in prison, he was released on parole, which was subsequently revoked at least twice, resulting in several more years of incarceration. PSR ¶¶ 62–67. In both 2005 and 2006, Parker was convicted of misdemeanor theft. In 2007, Parker was convicted of criminal possession of a weapon. PSR ¶¶ 78–79.

Parker's sole contention at sentencing[3] was that his undisputed status as a career offender should be mitigated because his prior qualifying convictions were minor drug convictions from 1993. The District Court engaged in a lengthy and thorough explanation of its sentence. (App.73–90.) The Court took note of Parker's long criminal history and observed that these crimes were both serious and "not out of the ordinary for this defendant, who has made crime a way of life since his youth." (App.73, 75.) The Court acknowledged the purpose of deterring others, as well as Parker himself, from such serious criminal conduct. (App.80.) The District Court was not pleased with Parker's attempt to downplay his crimes, noting that he "underplayed his role in these offenses," and that one of the victims was "indeed terrorized by the defendant's actions." (App.77.)

The Court noted that Parker's combined criminal history points exceeded the amount needed to achieve the highest possible criminal history score under the Guidelines. (App.76.) The judge recognized the seriousness of the sentence imposed, calling it "considerable time," but ultimately determined that "a lesser sentence would depreciate the seriousness of this crime and would not adequately promote respect for the law, nor would it provide just punishment." (App.79–80.) The District Court did acknowledge the age of Parker's criminal history, but drew an entirely different inference from it, finding the record to clearly depict Parker as a career recidivist, who had "chosen to lead a criminal lifestyle[.]" (App.73–74.)

The District Court's explication of the sentence evinced sufficient consideration of the relevant § 3553(a) factors, and Parker has not carried his burden of showing the sentence was unreasonable under this statutory framework. No procedural error was committed. In our review for substantive reasonableness, we must ensure the sentence "was premised upon appropriate and judicious consideration of the relevant factors." *Schweitzer*, 454 F.3d at 204. The District Court clearly considered Parker's arguments with regard to his career offender status. The Court acknowledged Parker's long history of criminal activity as well as frequent parole violations, noting the public will be further protected from Parker during his supervised release because a revocation of probation will result in up to ten more years of incarceration under the imposed sentence. (App. 80 (stating that "history suggests" that Parker will again violate parole).) The judge acknowledged the serious nature of the crimes committed and expressed concerns about Parker's at-

---

**3.** He did not protest the Guidelines calculation set forth in the Presentence Investigation Report.

tempt to downplay them. The Court was aware of the severity of the sentence but determined it was necessary for the goal of deterring criminal conduct. The District Court gave due regard to Parker's arguments at sentencing, and we cannot say the District Court's upper-Guidelines sentence was substantively unreasonable in light of the seriousness of the charge, the effect on the victims, and Parker's long history of criminal activity and parole violations.

\* \* \* \* \* \*

We have considered all the contentions presented by the Appellant and conclude that no further discussion is necessary.

The judgment of the District Court will be affirmed.